[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14753
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00059-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME JOSE DELCID-DELAO,
a.k.a. Jaime Del Cid,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jaime Jose Delcid-Delao contends that his seventy-month sentence for illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2) is unreasonable under 18 U.S.C. § 3553(a). The district court enhanced Delcid-Delao's base offense level by 16 levels because his prior conviction for obstruction of an officer constitutes a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Delcid-Delao challenges the substantive reasonableness of the sentence, claiming the district court should not have applied the full 16-level enhancement because his conduct that constituted the obstruction offense—elbowing and kicking an officer—is more akin to simple battery than it is to the crimes of violence specifically enumerated in § 2L1.2.[1] After review, Delcid-Delao's sentence is affirmed.[2]

In analyzing Delcid-Dealo's challenge, this Court examines whether his sentence is reasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). This Court will not reverse his sentence unless it is "left with the definite and firm conviction that the district court

---

[1] Delcid-Delao does not argue that his felony obstruction conviction does not meet the legal definition of a "crime of violence" under U.S.S.G. § 2L1.2; he argues only that the district court should have recognized the less-violent nature of his particular crime and should have accordingly departed downward from the Guidelines' range.

[2] This Court reviews the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191, 1203 (11th Cir. 2008)

In declining to depart downward from the Guidelines' range, the district court specifically considered Delcid-Delao's colorful criminal history, including multiple batteries and probation violations in addition to the felony obstruction of an officer. After considering the particular circumstances of the case, as § 3553(a) requires, the district court determined that a seventy-month sentence was appropriate. Delcid-Delao has not met his burden of showing that this determination was in any way an abuse of discretion, especially considering that the sentence was at the very bottom of the Guidelines' range of 70 to 87 months. *See Talley*, 431 F.3d at 788 (holding when a district court applies a within-Guidelines sentence, this Court "ordinarily will expect that choice to be a reasonable one"). The sentence imposed was substantively reasonable and is therefore affirmed.

**AFFIRMED.**